**Arlene HANSEN, Plaintiff and Respondent,**

v.

**Melvin HANSEN, Defendant and Appellant.**

**No. 18867.**

Supreme Court of Utah.

April 4, 1984.

George B. Handy, Ogden, for defendant and appellant.

Robert L. Neeley, Ogden, for plaintiff and respondent.

PER CURIAM.

The parties here married in 1960, had 3 children, and were divorced in 1972. In the decree, plaintiff was awarded the use and occupancy of a home purchased in 1961. The court left title thereto to the parties in joint tenancy, "to be disposed of as they see fit." Plaintiff was to make the house payments and defendant was to pay off the family obligations.

Soon after the divorce, the couple resumed living together, as they did sporadically for the next ensuing 10 years. During each of the separations, one or the other was home with the children, furnishing adequate care and support. Each of them was employed, plaintiff earning about half that earned by defendant.

In 1975, at a time when they were living together, the parties signed an agreement

---

in which plaintiff was to sell her interest in the home to defendant for $1,500 cash and a $3,500 automobile. She now claims the agreement was exacted by duress and defendant's threats of physical harm. Nonetheless, plaintiff used $1,000 of the money to install an air conditioner in the home. She also paid a substantial part of a $3,500 loan she secured from a credit union to pay for improvements on the home.

Plaintiff testified that under the circumstances, including the ongoing living arrangement, the agreement was null and void and in fact forgotten. Unenforceability of the instrument can be argued based on lack or inadequacy of consideration. For five years neither did defendant request nor did plaintiff offer the delivery of a deed of her half interest in the home. No document was ever presented for recordation.

During the unusual history of repeated disagreement followed by reconciliation, both parties contributed generously to the family needs and upkeep of the home. For the five years after the agreement, defendant paid nothing as child support, but claimed payment in lieu thereof of family expenses.

On May 26, 1982, plaintiff filed a show cause petition, seeking an increase in child support because of changed circumstances. On June 7, 1982, apparently as a defensive gesture, defendant also filed a show cause petition, seeking specific performance of the alleged agreement to buy plaintiff's interest in the home. In substance and effect, the parties asked the court, under its continuing jurisdiction, to modify the 1972 decree by adjusting child support on the one hand and property rights on the other.

It is significant that the 1975 agreement was effected at one of the times when the parties were living together. Plaintiff testified to the effect defendant used liquor to an excess and, by threat of violence and duress, induced her to sign. She stated, "I was afraid of him ... he moved into the home and said I'm here and if you don't like it, get out." She claimed she signed because she had no choice.

The matter was heard by the same judge that had divorced the parties ten years earlier. After full hearing, the court ordered that since the parties could not agree to a settlement, the home was to be sold. The proceeds were to be divided ⅔ to defendant and ⅓ to plaintiff. Defendant had 60 days to sell the home, failing which, it would be sold by plaintiff within the following four months. There was no provision for distribution if the time frame formula failed.

At the conclusion of the hearing, the judge remarked that the peripatetics of the parties had not been a real marriage, but "a degree of partnership in accordance with incomes of the parties and contributions they made." The prefatory words "a degree" of partnership connotes something short of legal partnership, and possibly a polite suggestion there was an illicit relation that at times reflected a degree of stability, albeit short-lived. On the facts presented, the trial court concluded that the 1975 agreement was of no legal consequence.

In light of the accepted rules of appellate review and equitable principles, we are at a loss to discern any good reason to disaffirm the trial judge's order. It seems equitably and fairly to serve the litigants here and their family. Defendant's only point that the agreement was enforceable, is without merit.

The judgment is affirmed. Since the appeal halted the order entered, the matter is remanded for its execution. Costs to plaintiff.

HOWE, J., concurs in the result.